UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY SINGLETARY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. H-10-cv-03990 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| Defendant. | § | |

## ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Allstate Texas Lloyd's ("Allstate"), motion for summary judgment (Dkt. No. 17).  The plaintiffs, Jerry Singletary and Mary Singletary (the "plaintiffs"), have filed a response in opposition to Allstate's motion for summary judgment (Dkt No. 26) and Allstate has filed a reply as well as a supplement in support of its motion (Dkt. Nos. 27 & 33).  After having carefully evaluated the parties' submissions, the record, the undisputed facts and the applicable law, the Court determines that Allstate's motion for summary judgment should be DENIED.

**II.   FACTUAL BACKGROUND AND THE PARTIES' CONTENTIONS**

The plaintiffs, both Texas residents, are the owners of a Texas Homeowners' Insurance Policy, Policy No. 2 16 032810 05/15 (the "Policy"), issued by Allstate, insuring certain real property located at 10805 Colonywood Place, The Woodlands, Texas 77380 (the "property"). The policy was in effect on September 13, 2008, when Hurricane Ike traveled through Harris County, Texas, causing severe damage to several commercial and residential properties throughout the gulf-coast region, including the plaintiffs' property.

Shortly after the hurricane, the plaintiffs filed a claim under the policy for damages sustained to their residential property and its contents. They requested that Allstate cover the cost of repairs to their property along with additional costs and living expenses. Initially, Allstate retained Rimkus Consulting Group, Inc. ("Rimkus") to evaluate the cause and scope of the plaintiffs' reported damages. Specifically, John Brusen, a Rimkus engineer, conducted an inspection of the plaintiffs' property and provided a report to Allstate detailing the areas of damage caused by Hurricane Ike.

The plaintiffs independently hired Trident General Contracting, LLC ("Trident"), a third party contractor and appraiser, to obtain estimates for all damages occasioned by the hurricane, which they contend total in excess of $290,000. Trident used and/or relied upon the report prepared for Allstate by Rimkus when preparing its assessment. Thereafter, the plaintiffs forwarded a copy of Trident's damage estimation to Allstate. They contend that notwithstanding Rimkus' report of damages and Trident's quantification of those damages, Allstate denied their claim and refused to render full payment for their damages. They further argue that Mr. Singletary suffered a stroke and stress and/or mental anguish resulting from Allstate's denial and/or refusal to fully compensate them for their damages.

Consequently, on or around September 10, 2010, the plaintiffs filed an action against Allstate in the 11th Judicial District Court of Harris County, Texas, alleging that their claim for repairs of the property, occurring as a result of Hurricane Ike, was improperly handled and wrongfully denied. Specifically, they allege causes of action against Allstate for breach of contract, attorneys' fees, unfair settlement practices under § 541.060 of the Texas Insurance Code, breach of the prompt payment provisions of the Texas Insurance Code, § 542.051 *et seq.*,

and breach of the duty of good faith and fair dealing.[1]  On October 21, 2010, Allstate removed the action to this Court on the basis of diversity jurisdiction.

On March 1, 2011, Allstate invoked the appraisal condition contained in the policy.  The appraisal condition reads, in relevant part, as follows:

> Section I – Conditions
>
> 7.   Appraisal.  If you and we fail to agree on the actual cash value, amount of loss or the cost of repair, either can make a written demand for appraisal.  Each will then select a competent, independent appraiser notify the other of the appraiser's identity within 20 days of receipt of the written demand.  The two appraisers will choose an umpire.  If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred.  The two appraisers will then set the amount of loss, stating separately the actual cash value and loss to each item.  If you or we request that they do so, the appraiser will also set:
>
>   a.   The full replacement cost of the dwelling.
>   b.   The full replacement cost of any other building upon which loss is claimed.
>   c.   The full costs of repair and replacement of loss to such building, without deduction for depreciation
>
> If the appraisers fail to agree, they will submit their differenced to the umpire.  An itemized decision agreed to by any two of these three and filed with us will set the amount of loss.  Such award shall be binding on you and us.

(Dkt. No. 26, Ex. F.)  Pursuant to a letter dated March 10, 2011, the plaintiffs objected to Allstate's invocation of the appraisal process, alleged that Allstate had waived its rights to invoke the appraisal condition, reserved their rights to object to Allstate's use of the appraisal process, and identified Douglas McKenzie of Trident as their appraiser.  (*Id.*, Ex. G.)  Allstate

---

[1] On November 2, 2011, the plaintiffs filed an amended complaint setting forth additional facts relevant to the appraisal process and including a claim under the DTPA.

appointed Stephen Medeiros as its appraiser and Bannon Hancock was selected as the umpire. (Dkt. No. 17, Ex. K).

The appraisal took place on April 5, 2011, with both appraisers and the plaintiffs' present. (*Id.*) The appraisers failed to agree on damages and the matter was necessarily sent to the umpire for determination. The umpire's inspection took place on May 4, 2011 with all members of the appraisal panel present. (*Id.*) At this time, the plaintiffs replaced their appraiser, Douglas McKenzie, with a new appraiser, Raymond Key. (*Id.*)

On June 10, 2011, the umpire and Allstate's appraiser, Stephen Medeiros, executed an appraisal award fixing the total replacement cost for the plaintiffs' claim at $87,035.04 with an actual cash value of $72,447.83.11. (Dkt. No. 17, Ex. J). On July 12, 2011, after deducting $10,204.37 for prior payments, $4,500.00 for the insured's applicable deductible, and $4,020.34 representing the actual cash value of the trees not covered under the policy, Allstate issued payment in the amount of $53,723.12 to the plaintiffs in satisfaction of the actual cash value listed in the appraisal award. (*Id.*, Exs. J, L, M & P.)

Allstate now moves for summary judgment, alleging that it is entitled to a summary judgment on the plaintiffs' breach of contract claim because the amount of damages to the plaintiffs' property has been determined by a binding appraisal award and, by making payment on the appraisal award, it has satisfied the appraisal award. Accordingly, it contends that the plaintiff is estopped from claiming a breach of contract. It also argues that the policy does not provide coverage for damages to trees indicated in the appraisal award. Finally, it argues that the plaintiffs' extra-contractual claims fail because there was no breach of contract and the plaintiffs can produce no evidence establishing any alleged misrepresentations. In support of its contentions, Allstate proffers the Affidavit of Carl Marsico, a copy of the policy, various letters

from the parties' attorneys, a declaration of appraisers, a copy of the itemized appraisal award and copies of checks issued to the plaintiffs in the total amount of $53,723.12.

In response, the plaintiffs contend that Allstate waived its rights to invoke the appraisal condition because it did not invoke the condition within a reasonable time and waited at least two and a half years before doing so and only after it disagreed with the damage estimation provided by its own engineer. They also contend that Allstate relinquished its appraisal rights under the policy due to its continued denial of coverage. They further argue that the appraisal award should be disregarded and/or set aside because the umpire, when drafting his findings, missed major categories of damages that were discovered by Allstate's own engineer and its own appraiser as well as their third-party experts. They maintain that Allstate's own appraiser, Medeiros, acknowledged that there were items of damages not considered by the umpire and him. Further, the plaintiffs aver that Allstate knew or should have known of the umpire's errors because of the apparent conflicts with its own engineer and appraiser's findings. Finally, the plaintiffs aver that they are entitled to mental anguish damages. In support of their position, the plaintiffs submit the Affidavit of Scott Singletary, damage estimations, and other attachments similar to those provided by Allstate--all of which appear to conflict and/or call into question some of the assertions made by Allstate.

In light of the demanding strictures applicable on a motion for summary judgment and based on the evidence presented, the Court is of the opinion that the plaintiffs and Allstate have tendered conflicting summary judgment evidence. Without commenting on the strength or credibility of the evidence presented, the Court determines that the plaintiffs have raised a genuine issue of material fact concerning, *inter alia*: (1) whether Allstate waived its right to invoke the appraisal condition contained in the policy; and (2) whether the appraisal award was

incomplete and/or the result of mistake, fraud or accident. Having found a fact issue, the Court deems summary judgment improper. *See E.E.O.C. v. R.J. Gallagher Co.*, 181 F.3d 645, 652 (5th Cir. 1999) ("This is a swearing match-a factual dispute which must be resolved by the ultimate fact finder, not by the judge on summary judgment.")

### III. CONCLUSION

Based on the foregoing discussion, Allstate's motion for summary judgment is **DENIED**.

IT IS SO **ORDERED**.

SIGNED at Houston, Texas this 28th day of September, 2012.

_____
Kenneth M. Hoyt
United States District Judge